IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID JAMAR DEAN                                                    PETITIONER

V.                           4:05CR00005
                             4:07CV01097

UNITED STATES OF AMERICA                                            RESPONDENT

## ORDER

On March 9, 2006 the petitioner pled guilty to possession with intent to distribute more than fifty grams of cocaine base. Petitioner was sentenced to 120 months imprisonment, five years supervised release and a $100 special penalty assessment. Judgment was entered on August 4, 2006. Defendant did not file a direct appeal. Petitioner is presently imprisoned at the Federal Correctional Institution, Forrest City, Arkansas.

On November 7, 2007 Petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 arguing that he was denied effective assistance of counsel. The government responded on June 25, 2008. Before analyzing Petitioner's claims for habeas relief, the Court must address Respondent's threshold argument that this habeas action was filed outside of the applicable statute of limitations. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2255 have an explicit one-year statute of limitations. The one-year period of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

Pursuant to this statutory language, the petitioner had one year from the date on which his conviction became final to file his motion.  The judgment of conviction becomes final when the time for filing a direct appeal expires.  Petitioner did not file a timely notice of appeal, accordingly, the petitioner had one year and ten days from the date the judgment was imposed to file a §2255 motion.

Judgment was entered in this matter on August 4, 2006.  The pending motion was filed November 7, 2007 almost three months past the last date on which he could have brought his petition.  The Court concludes that Petitioner filed his federal habeas petition outside the one-year statute of limitations found in 28 U.S.C. § 2255.

In habeas proceedings, equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevent timely filing.[1] *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  After carefully reviewing the circumstances of Petitioner's case, the Court concludes that he has not met his burden to establish equitable tolling.  "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005). Petitioner has failed to present any proof which demonstrates extraordinary circumstances beyond his control which  prevented him

---

[1] Equitable tolling is also appropriate where conduct of the defendant "lulled the plaintiff into inaction," a circumstance not at issue in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863 (2001).

from timely filing.    Further, Petitioner has failed to demonstrate diligence in pursuing this matter.

Additionally, Petitioner's claims fail on the merits.  To prove a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United States,* 114 F. 3d 112,114 (8th Cir. 1997).

Petitioner has failed to prove that he suffered prejudice even if the Court were to find that his counsel's performance was deficient.  Petitioner alleges that his attorney was ineffective for failing to file a motion to suppress.  Where a claim of ineffective assistance of counsel is based on counsel's failure to file a motion to suppress evidence seized during a search, the petitioner must show that the motion to suppress would have been meritorious. *See United States v. Johnson*, 707 F.2d 317, 320 (8th Cir.1983) (in determining whether there was prejudice to the defendant from his counsel's failure to file a motion to suppress "what is essentially the only evidence against a defendant," a court must examine whether the motion, "if one had been made, would have been successful"); *Kellogg v. Scurr,* 741 F.2d 1099, 1104 (8th Cir.1984) ("The prejudice flowing from an attorney's failure to file a suppression motion is determined by examining the likely success of the motion.").   Here, Petitioner claims that the drugs and guns

were outside the search warrant therefore, the motion to suppress would have been granted.  The search is this case was conducted pursuant to a valid search warrant issued to search the residence for evidence of bank fraud and identity fraud.  During the search agents located a loaded weapon next to the Petitioner's bed, another weapon in an aquarium stand and various quantities of drugs.  The plain view doctrine allows police officers to seize evidence without a warrant when "1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Hughes,* 940 F.2d 1125, 1127 (8th Cir. 1991).  In this case, the officers gained entry to the residence under a valid search warrant and had a right to look where they discovered the evidence.  "A lawful search extends to all areas and containers in which the object of the search may be found." *Id*.  Additionally, the incriminatory nature of the guns and drugs were immediately apparent.  *United States v. Nichols*, 344 F.3d 793 (8th Cir. 2003).  Accordingly, the Court finds that even if a motion to suppress had been filed it would not have been meritorious.

For the reasons stated above, petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket #45) is denied .

IT IS SO ORDERED this 6th day of August, 2008.

／s／ James M. Moody
James M. Moody
United States District Judge