**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                    **CASE NO. 4:05CR00005-01 JMM**

**DAVID JAMAR DEAN**

**ORDER**

Pending before the Court is defendant's pro se Motion to Reduce Sentence.  For the reasons stated below, the motion is denied (#54).

Defendant was sentenced by this Court on August 4, 2006 to a term of ten years  which was the mandatory minimum statutory sentence pursuant to 21 U.S.C. § 841.

Defendant contends that his sentence should be modified pursuant to The Fair Sentencing Act of 2010, Pub.L. No 111-220 (the "Act"), which was signed into law by the President on August 3, 2010.  The Act amends 21 U.S.C. § 841 by increasing the amount of crack cocaine required to mandate a ten year mandatory minimum sentence.

Defendant contends that because the amount of crack cocaine he possessed is lower than the amount now required to mandate a five year minimum penalty, his sentence should be modified.

18 U.S.C. §3582 allows modification of sentences for defendants who have been sentenced based on a sentencing range that has subsequently been lowered .  However, 18 U.S.C. § 3582 only allows a modification, if the new sentencing ranges are made retroactive. *See  Dillon*

1

*v. United States*, 560 U.S. ----, 130 S.Ct. 2683, 2688, 177 L.Ed.2d 271, 2010 WL 2400109 (2010) ("When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision").

Here, the Act does not apply because it was not made retroactive and defendant committed the offense prior to the Act's effective date of August 3, 2010.  *See United States v. Brown,* 2010 WL 3958760 (8th Cir. 2010) (The Fair Sentencing Act of 2010 does not apply retroactively).

IT IS SO ORDERED THIS 22nd day of November, 2010.


James M. Moody
United States District Judge